## Twibill's Estate.

*Appeals—Delay—Paper-books—Penalty for delay.*

The penalty for taking an appeal for delay will be allowed where the uncontradicted petition of the appellee avers that the suit was non-prossed for want of service of paper-books, that no paper-books have been filed or served, that no notification had been given to appellee or his counsel of any intention to abandon the appeal, and that the appeal had been taken, in the appellee's belief, solely for the purpose of delay.

Petition to impose penalty on appeal for delay.

The petition averred that the appeal was taken June 1, 1905, and non-prossed for want of service of paper-books on October 2, 1905.

The petition continued as follows:

" The said appellee believes that the said appeal was taken

320                    TWIBILL'S ESTATE.

Statement of Facts—Opinion of the Court. [29 Pa. Superior Ct.

solely for the purpose of delay. The said appeal was taken immediately after the exception of the accountant in the court below was dismissed. The single assignment of error simply says that the court below erred in allowing the claim and there is no indication of record as to the nature of any error committed by the court below in the premises. No paper-books have, apparently, been prepared and none have certainly been filed or served. In the long interval that has elapsed from the time of the taking of the appeal to the time of the entering of the non-pros, no notification of any kind has been given to the appellee or his counsel of any intention to abandon the appeal."

No answer was filed to the petition.

*Thomas James Meagher*, for the petitioner.

PER CURIAM, October 23, 1905 :

The rule to show cause granted October 9, 1905, is made absolute, and an additional attorney fee of $25.00 and damages at the rate of six per centum in additional to legal interest, are awarded in favor of Joseph H. McBride, the appellee, against Stanley Bennet, the appellant.

*Appeals—Delay—Paper-books—Penalty for delay.*